IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRISTRATA TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-645-JJF |
| | ) |
| JEUNIQUE INTERNATIONAL, INC., | ) |
| DERMALOGICA, INC., GLYCOFORM-D CORP., AND JUVENSES BY ELAINE GAYLE, INC., | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |

## ANSWER OF DERMALOGICA, INC.

Defendant Dermalogica, Inc ("Dermalogica"), through its attorneys, answers the complaint filed by Plaintiff Tristrata Technology, Inc. ("TTI" or "Tristrata") as follows:

### SUMMARY OF COMPLAINT

1. Dermalogica admits that the Complaint appears to be for patent infringement. Dermalogica denies the other allegations directed to Dermalogica in Paragraph 1.

2. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4. Dermalogica denies the allegations Paragraph 4 in their entirety.

### JURISDICTION AND VENUE

5. Paragraph 5 states a legal conclusion for which no response is required.

6. Dermalogica denies the allegations in paragraph 6 in their entirety. Paragraph 6 states a legal conclusion for which a response is generally not required. Nevertheless, Dermalogica denies that venue is proper in Delaware as to Dermalogica. Dermalogica does not have a regular and established place of business in this judicial district. Further, venue is inconvenient in Delaware, and Dermalogica reserves the right to file any and all applicable motions to transfer venue under law, including but not limited to a motion pursuant to 28 U.S.C. § 1404(a).

## THE PARTIES

### The Plaintiff

7. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

### The Defendants

8. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Dermalogica admits that it is a California corporation with its principal place of business in California. Dermalogica admits that it manufactures skin care products. It otherwise denies the remaining allegations of Paragraph 9.

10. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies them.

11. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies them.

## THE PATENTS

12. Paragraph 12 states legal conclusions for which a response is not required. To the extent a response may be required, Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Paragraph 13 states legal conclusions for which a response is not required. To the extent a response may be required, Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies them.

14. Paragraph 14 states legal conclusions for which a response is not required. To the extent a response may be required, Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies them.

15. Paragraph 15 states legal conclusions for which a response is not required. To the extent a response may be required, Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies them.

16. Paragraph 16 states legal conclusions for which a response is not required. To the extent a response may be required, Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies them.

17. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and on that basis denies them.

## FIRST CLAIM FOR RELIEF

18.     Dermalogica repeats and incorporates by this reference its previous responses to Paragraphs 1 through 17 as if set forth fully herein.

19.     Dermalogica admits that it manufactures skin care products. It otherwise denies the allegations directed to Dermalogica in Paragraph 19. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and on that basis denies them.

20.     Dermalogica denies the allegations directed to Dermalogica in Paragraph 20. Dermalogica affirmatively denies that it infringed and/or contributed to and/or induced infringement of the '171 patent. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and on that basis denies them.

21.     Dermalogica denies the allegations directed to Dermalogica in Paragraph 21. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and on that basis denies them.

22.     Dermalogica denies the allegations directed to Dermalogica in Paragraph 22. Dermalogica affirmatively denies that it has infringed any patents. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and on that basis denies them.

## SECOND CLAIM FOR RELIEF

23.     Dermalogica repeats and incorporates by this reference its previous responses to Paragraphs 1 through 22 as if set forth fully herein.

24. Dermalogica admits that it manufactures skin care products. It otherwise denies the allegations directed to Dermalogica in Paragraph 24. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 and on that basis denies them.

25. Dermalogica denies the allegations directed to Dermalogica in Paragraph 25. Dermalogica affirmatively denies that it infringed and/or contributed to and/or induced infringement of the '988 patent. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and on that basis denies them.

26. Dermalogica denies the allegations directed to Dermalogica in Paragraph 26. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and on that basis denies them.

27. Dermalogica denies the allegations directed to Dermalogica in Paragraph 27. Dermalogica affirmatively denies that it has infringed any patents. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and on that basis denies them.

### THIRD CLAIM FOR RELIEF

28. Dermalogica repeats and incorporates by this reference its previous responses to Paragraphs 1 through 27 as if set forth fully herein.

29. Dermalogica denies the allegations directed to Dermalogica in Paragraph 29. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 and on that basis denies them.

30. Dermalogica denies the allegations directed to Dermalogica in Paragraph 20. Dermalogica affirmatively denies that it infringed and/or contributed to and/or induced infringement of the '938 patent. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30 and on that basis denies them.

31. Dermalogica denies the allegations directed to Dermalogica in Paragraph 31. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31 and on that basis denies them.

32. Dermalogica denies the allegations directed to Dermalogica in Paragraph 32. Dermalogica affirmatively denies that it has infringed any patents. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and on that basis denies them.

### FOURTH CLAIM FOR RELIEF

33. Dermalogica repeats and incorporates by this reference its previous responses to Paragraphs 1 through 32 as if set forth fully herein.

34. Dermalogica denies the allegations directed to Dermalogica in Paragraph 34. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 and on that basis denies them.

35. Dermalogica denies the allegations directed to Dermalogica in Paragraph 35. Dermalogica affirmatively denies that it infringed and/or contributed to and/or induced infringement of the '677 patent. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and on that basis denies them.

36. Dermalogica denies the allegations directed to Dermalogica in Paragraph 36. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 and on that basis denies them.

37. Dermalogica denies the allegations directed to Dermalogica in Paragraph 37. Dermalogica affirmatively denies that it has infringed any patents. Dermalogica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

38. The Complaint and/or each of its causes of action fail to state a claim upon which relief may be granted including, but not limited to, failure to identify the Dermalogica products alleged to infringe the patents in suit.

### SECOND AFFIRMATIVE DEFENSE

39. Dermalogica has not infringed any claims of the patents in suit.

### THIRD AFFIRMATIVE DEFENSE

40. All or some of Tristrata's claims are barred by the applicable statutes of limitations, including but not limited to 35 U.S.C. § 286. In particular, Tristrata is precluded from seeking recovery for any of Dermalogica's alleged infringements occurring more than six years prior to the filing of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

41. All or some of Tristrata's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

42. All or some of Tristrata's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

43. All or some of Tristrata's claims are barred by Tristrata's failure to mark commercial embodiments of the patents in accordance with the provisions of 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

44. Dermalogica has not infringed, induced infringement of, or contributorily infringed any claim of any of the patents that Tristrata identified in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

45. United States Letters Patent Nos. 5,091,171; 5,547,998; 5,385,938; and 5,389,677 and each and every claim is invalid and void because of the alleged invention claimed is, in fact, not an invention but merely an aggregation or an existing combination. The several elements and features of the apparatus used in the claimed method were individually known and obvious to persons skilled in the art of dermatology, plastic surgery, and/or skin care, and analogous arts, and the accumulation and use of such elements and features did not produce a new or different function or characteristics or new method compared to the methods previously performed or produced by the use of such elements and apparatus. Further, the effect produced by the combination was not greater than the sum of the several effects of the combined parts taken separately. Further, these patents cover items in public use. Any claims of the patents in suit which may be held to be valid are so restricted in scope that this party has not infringed said claims.

## NINTH AFFIRMATIVE DEFENSE

46. Tristrata is estopped to assert or maintain a construction of the claims of United States Letters Patent Nos. 5,091,171; 5,547,998; 5,385,938; and 5,389,677 that would cover or read upon any method used by Dermalogica for the reasons that, during the prosecution

of the application for the Letters Patent in the United States Patent and Trademark Office, the patentee, or patentee's duly authorized representative, acting on requirements of the Director of Patents and Trademarks and by reason of the prior art cited against the application, so limited the claims of the Letters patent as to exclude from the purview of such claims any acts of Dermalogica.

### TENTH AFFIRMATIVE DEFENSE

47. By reason of the proceedings before the United States Patent and Trademark Office during the reexamination proceedings which led to the reexamination of U.S. Patent No. 5,091,171; 5,547,998; 5,385,938; and 5,389,677, the claims of the aforesaid patents are limited and restricted by their terms and the prior art, to the extent that Tristrata is now estopped from maintaining the aforesaid patents are of such scope as to cover or embrace any method, composition or activity of Dermalogica.

### ELEVENTH AFFIRMATIVE DEFENSE

48. The patents identified in identified in the Complaint are invalid and unenforceable for failure to comply with the requirements of the Patent Laws of the United States including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 113, 120 and/or 121.

### TWELFTH AFFIRMATIVE DEFENSE

49. Service of process was insufficient or improper.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Venue is improper in Delaware as to Dermalogica. Dermalogica does not have a regular and established place of business in this judicial district. Alternatively, venue is inconvenient in Delaware, and Dermalogica reserves the right to file any and all applicable motions to transfer venue under law, including but not limited to 28 U.S.C. § 1404(a).

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Rodger D. Smith II*
        Rodger D. Smith II (#3778)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200
        rsmith@mnat.com
          *Attorneys for Defendant Dermalogica, Inc.*

OF COUNSEL:

Gary J. Gorham
LEADER KOZMOR GORHAM LLP
1990 South Bundy Drive, Suite 390
Los Angeles, CA 90025
(310) 696-3300

April 5, 2007

787481

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on April 5, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following in the manner indicated:

> Arthur G. Connolly, III
> Connolly, Bove, Lodge & Hutz LLP

and that on April 5, 2007, I caused copies to be served upon the following in the manner indicated:

### BY HAND & EMAIL

> Arthur G. Connolly, III
> Connolly, Bove, Lodge & Hutz LLP
> 1007 North Orange Street
> Wilmington, DE  19801
> aconnollyIII@cblh.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
rsmith@mnat.com

787508